O

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7932 AHM<br>Bk. Case No. 2:07-bk-15900-RN<br>Adv. Case No. 2:08-ap-01012-RN | Date | October 5, 2009 |
|---|---|---|---|
| Title | In re JMC TELECOM LLC | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys **NOT** Present for Plaintiffs:      Attorneys **NOT** Present for Defendants:

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

## I.   INTRODUCTION

This case is on appeal from an Order of the Bankruptcy Court dismissing Appellant's complaint for fraudulent transfer as being time-barred. The Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, because the court conclusively finds that the decisional process would not be significantly aided by oral argument, this matter shall be decided on the record before this court without oral argument. See Bankruptcy Rule 8012; Fed. R. App. P. 34(a)(2)(C).

Appellant, the Bankruptcy Trustee for JMC Telecom LLC ("JMC"), alleges that Appellees, Jean-Marie Cabri and Alexandra Allinne Cabri, fraudulently transferred $630,000 from JMC's accounts into Mrs. Cabri's personal account on May 12, 1999. ER 116. Appellant did not file suit to recover these funds until January 8, 2008. Appellant nevertheless argues that Bankruptcy Judge Richard Neiter erred in finding the suit time-barred under California Civil Code § 3439.09(c). For the following reasons, the Court AFFIRMS the decision of the Bankruptcy Court to dismiss the complaint.

## II.   SUMMARY OF FACTUAL ALLEGATIONS IN THE COMPLAINT

Mr. Jean-Marie Cabri and Mrs. Alexandra Allinne Cabri, husband and wife, formed JMC Telecom LLC in late 1997. Mr. Cabri owned a 70% membership interest in

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7932 AHM<br>Bk. Case No. 2:07-bk-15900-RN<br>Adv. Case No. 2:08-ap-01012-RN | Date | October 5, 2009 |
|---|---|---|---|
| Title | In re JMC TELECOM LLC | | |

JMC, and Mrs. Cabri owned the remaining 30% membership interest. ER 115. In September 1998, AT&T Corp. ("AT&T") and JMC entered into an agreement under which AT&T would provide prepaid calling services to JMC and JMC in turn would sell the services as prepaid telephone cards to end-users in the maritime market. ER 117.

On May 12, 1999, $630,000 was paid from JMC's bank account to an account in the name of Mrs. Cabri. The transaction (the "Transfer") was described in JMC's records as a transfer to "Other Savings A/C." ER 116. JMC was made insolvent by the Transfer. ER 117.

On June 4, 1999, AT&T filed a complaint against JMC for breach of contract in the Federal District Court for the District of New Jersey. A judgment was entered on December 29, 2004 for AT&T in the amount of $10,743,885.68. ER 117.

During the course of discovery in the breach of contract dispute, AT&T questioned JMC about the reason for the Transfer. In an email dated December 23, 2003, counsel for JMC advised AT&T as follows:

> This email is in response to your letter of December 17, 2003 requesting information concerning documents and records relating to the "other savings account" listed in JMC's 1999 and 2000 trial balances. I have looked into this matter. I have been advised that the "other savings account" was not a JMC savings account. It was the personal account of the wife of Jean Marie Cabri. The account was closed in 2000. I previously mentioned to Richard Brown that I believed the account was not a JMC account, but a third party account.

ER 118.

After AT&T obtained judgment, JMC filed an appeal to the Third Circuit, and the parties entered post-judgment discovery to determine to what extent the judgment could be satisfied. ER 118. As part of that discovery process, Mr. Cabri filed two declarations—one on Feb. 28, 2005 and one on May 17, 2005—which asserted that all funds transferred away from JMC were used for legitimate business purposes. ER 120-

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7932 AHM<br>Bk. Case No. 2:07-bk-15900-RN<br>Adv. Case No. 2:08-ap-01012-RN | Date | October 5, 2009 |
|---|---|---|---|
| Title | In re JMC TELECOM LLC | | |

21.

AT&T won the appeal in the Third Circuit and the Supreme Court denied JMC's petition for a writ of certiorari on June 4, 2007. ER 122.

On July 12, 2007, JMC filed a voluntary chapter 7 petition for bankruptcy. ER 115. Appellant John P. Pringle is the bankruptcy trustee in that ongoing proceeding. On January 8, 2008, Appellant filed his Original Complaint in this case. ER 80. The Original Complaint was dismissed with leave to amend pursuant to Fed. R. Civ. P. 12(b)(6), and Appellant filed his Amended Complaint on May 19, 2008. ER 114-198. Appellees filed a motion to dismiss the Amended Complaint under Fed. R. Civ. P. 12(b)(6), which Bankruptcy Judge Richard Neiter granted without leave to amend on Nov. 19, 2008. ER 235-37.

### III. STANDARD OF REVIEW

This Court reviews the Bankruptcy Court's factual findings for clear error and its legal conclusions *de novo*. *In re Anastas*, 94 F.3d 1280, 1283 (9th Cir. 1996). The only issues raised in this appeal are questions of law. Therefore, review is *de novo*.

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim, the allegations of the complaint must be accepted as true and are to be construed in the light most favorable to the nonmoving party. *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. Thus, if the complaint states a claim under any legal theory, even if the plaintiff erroneously relies on a different legal theory, the complaint should not be dismissed. *Haddock v. Bd. of Dental Examiners*, 777 F.2d 462, 464 (9th Cir. 1985).

Federal Rule of Civil Procedure 8(a)(2) requires

> only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" . . . While a

O

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7932 AHM<br>Bk. Case No. 2:07-bk-15900-RN<br>Adv. Case No. 2:08-ap-01012-RN | Date | October 5, 2009 |
|---|---|---|---|
| Title | In re JMC TELECOM LLC | | |

           complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . ., a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . .

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted).

      "Two working principles underlie . . . *Twombly*." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009). "First, the tenet that a court must accept as true all allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice . . . Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1949-50. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." Id. at 1949. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.

      "Generally, a . . . court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. . . . However, material which is properly submitted as part of the complaint may be considered" on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss without converting the motion to dismiss into a motion for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). If the documents are not physically attached to the complaint, they may be considered if their "authenticity . . . is not contested" and "the plaintiff's complaint necessarily relies" on them. *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7932 AHM<br>Bk. Case No. 2:07-bk-15900-RN<br>Adv. Case No. 2:08-ap-01012-RN | Date | October 5, 2009 |
|---|---|---|---|
| Title | In re JMC TELECOM LLC | | |

Cir. 1998). Furthermore, under Fed. R. Evid. 201, a court may take judicial notice of "matters of public record." *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986), abrogated on other grounds by *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104 (1991). "The . . . court will not accept as true pleading allegations that are contradicted by facts that can be judicially noticed or by other allegations or exhibits attached to or incorporated in the pleading." 5C Wright & Miller, Fed. Prac. & Pro. § 1363 (3d ed. 2004).

## IV. ANALYSIS

This appeal presents three issues. First, does Cal. Civil Code § 3439.09(c) absolutely bar appellant's cause of action for fraudulent transfer, where more than seven years passed between the alleged fraudulent transfer and the filing of the complaint? Second, do the doctrines of "equitable tolling" or "equitable estoppel" apply to the running of the statute of limitations under § 3439.09(c)? Third, does the Amended Complaint allege facts sufficient to establish a claim for "constructive trust"?

### A. Section 3439.09(c) Operates as an Absolute Bar on Fraudulent Transfer Claims Older than Seven Years

The Bankruptcy Court properly found that the action for fraudulent transfer is time-barred by Cal. Civil Code § 3439.09(c). ER 236. The California Uniform Fraudulent Transfer Act ("CUFTA") sets forth a statute of limitation that requires a plaintiff to file within four years of the transfer or, for an intentional fraud, within one year after the transfer was or could reasonably have been discovered. Cal. Civ. Code §§ 3439.09(a)-(b). The CUFTA also includes a statute of repose, Cal. Civ. Code § 3439.09(c), which creates an absolute backstop of seven years within which a cause of action for fraudulent transfer must be filed.

Cal. Civil Code § 3439.09(c) states, "*Notwithstanding any other provision of law*, a cause of action with respect to a fraudulent transfer or obligation is extinguished if no action is brought or levy made within seven years after the transfer was made or the obligation was incurred." (emphasis added) The allegedly fraudulent transfer at issue here occurred on May 12, 1999. The Complaint was not filed until January 8,

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-7932 AHM<br>Bk. Case No. 2:07-bk-15900-RN<br>Adv. Case No. 2:08-ap-01012-RN | Date | October 5, 2009 |
|---|---|---|---|
| Title | In re JMC TELECOM LLC | | |

2008—nearly nine years after the alleged fraudulent transfer, and is, therefore, time-barred.

Appellant asserts that his fraudulent transfer claim can alternatively be framed as a common law action, rather than a statutory action under CUFTA. He argues that the common law statute of limitations, Cal. Code Civ. Proc. § 338(d), can then extend the statute of limitations beyond that in § 3439.09(c). Appellant is correct that he can re-frame his allegations as a common law claim and that § 338(d) can then supplant the four-year or one-year-post-discovery statute of limitations in § 3439.09(a). *Macedo v. Bosio*, 86 Cal. App. 4th 1044, 1051-52 (Ct. App. 2001). However, § 338(d) would still be unable to extend the statute of limitations beyond the seven years prescribed by § 3439.09(c).

The Court in *Roach* held that § 3439.09(c) bars all fraudulent transfer claims where more than seven years have elapsed between the transfer and the complaint, including those pursued under a common law theory. *Roach v. Lee*, 369 F. Supp. 2d 1194, 1199 (C.D. Cal. 2005) (Timlin, J.). The *Roach* court applied dicta in *Macedo*, which stated, "[W]e think that, by its use of the term '[n]otwithstanding any other provision of law,' the Legislature clearly meant to provide an overarching, all-embracing maximum time period to attack a fraudulent transfer, no matter whether brought under the UFTA or otherwise." *Macedo*, 86 Cal. App. 4th at 1051 n.4. This Court agrees with the *Roach* court that the dicta in *Macedo* is "well-considered," *Roach*, 369 F. Supp. 2d at 1199, and will follow it. As the *Roach* court noted, the phrase "'[n]otwithstanding any other provision of law' expresses the legislative intent to override all contrary 'statutory and decisional law.'" *Roach*, 369 F. Supp. 2d at 1199 (quoting *People v. Tillman*, 73 Cal. App. 4th 771, 784-85 (Ct. App. 1999) and citing *Klajic v. Castaic Lake Water Agency*, 121 Cal. App. 4th 5, 13 (Ct. App. 2004)). In addition, an explicit purpose of § 3439.09(c) is to "mitigate the uncertainty and diversity that have characterized the decisions applying statutes of limitations to actions to fraudulent transfers and obligations." Cal. Civ. Code § 3439.09, cmt. 2. This Court agrees that it would therefore be "inordinate to bar CUFTA fraudulent transfer claims after seven years while allowing common law fraudulent transfer claims to be brought 'scores of years after the transfer.'" *Roach*, 369 F. Supp. 2d at 1199 (quoting *Macedo*, 86 Cal. App. 4th at 1051).

O

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7932 AHM<br>Bk. Case No. 2:07-bk-15900-RN<br>Adv. Case No. 2:08-ap-01012-RN | Date | October 5, 2009 |
|---|---|---|---|
| Title | In re JMC TELECOM LLC | | |

Appellant's argument that the statute of limitations did not commence to run until the judgement in the suit between AT&T and JMC became final lacks merit. The seven-year limit under § 3439.09(c) acts as an absolute time bar on suits for fraudulent transfer, so the *Cortez* analysis that Appellant relies upon is misplaced. *Cortez v. Vogt*, 52 Cal. App. 4th 917, 920 (Ct. App. 1997). In addition, it is unclear whether the tolling under *Cortez* even applies in the first place, because *Cortez* limited its holding extending the four-year statute of limitations under §§ 3439.09(a)-(b) to those cases "where an alleged fraudulent transfer occurs while an action seeking to establish the underlying liability is pending." *Id.* Here, the alleged fraudulent transfer occurred on May 12, 1999, and AT&T did not file suit against JMC until June 4, 1999.

Based on the above analysis, § 3439.09(c) bars all fraudulent transfer claims after seven years, whether they arise under CUFTA or common law. Therefore, § 3439.09(c) bars Appellant's fraudulent transfer claim, where the transfer occurred almost nine years before Appellant filed suit.

### B. Neither Equitable Tolling Nor Equitable Estoppel Operate to Extend the Statute of Limitations Here

Appellant alternatively argues that equitable tolling and equitable estoppel justify extending the filing deadline in this case. He argues that the statute of limitations should be equitably tolled because Plaintiff did not discover the fraudulent transfer until sometime recent enough to satisfy the statute of limitations (Plaintiff never says exactly when this discovery was made, but it was allegedly sometime after Oct. 28, 2005. ER 121.) He additionally appears to argue that equitable estoppel applies, and Appellees should not be able to use the statute of limitations as a defense because they actively sought to conceal the illicit transfer in order to delay AT&T in bringing suit and AT&T reasonably relied on Defendants' representations.

"Equitable tolling and equitable estoppel are distinct doctrines." *Lantzy v. Centex Homes*, 31 Cal. 4th 363, 383 (2003). Equitable tolling is "a judge-made doctrine which operates independently of the literal wording of the Code of Civil Procedure to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." *Id.* at 370 (internal quotation omitted). Equitable estoppel, in contrast,

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7932 AHM<br>Bk. Case No. 2:07-bk-15900-RN<br>Adv. Case No. 2:08-ap-01012-RN | Date | October 5, 2009 |
|---|---|---|---|
| Title | In re JMC TELECOM LLC | | |

"addresses the circumstances in which a party will be estopped from asserting the statute of limitations as a defense to an admittedly untimely action because his conduct has induced another into forbearing suit within the applicable limitations period." *Id.* (internal quotation omitted).  Neither doctrine applies here.

Equitable tolling "should not apply if it is 'inconsistent with the text of the relevant statute.'" *Lantzy*, 31 Cal. 4th at 371 (quoting *United States v. Beggerly*, 524 U.S. 38, 48 (1998)).  Applying equitable tolling would be inconsistent with a statute of repose, like § 3439.09(c), which sets a definitive outside limit on the amount of time to file a suit. *Roach*, 369 F. Supp. 2d at 1199-1200 (holding equitable tolling to be inconsistent with § 3439.09(c)); *see Lampf v. Gilbertson*, 501 U.S. 350, 363 (1991) (finding equitable tolling to be inconsistent with extending the filing deadline past three years where the statute had dual limitations of one year from discovery or three years from violation).  In addition, § 3439.09(c) "extinguishes the substantive cause of action as well as the remedy." *Roach*, 369 F. Supp. 2d at 1200.  Thus, this Court cannot apply equitable tolling to extend the statute of limitations past the absolute deadline of seven years.

Nor may this Court apply equitable estoppel in this instance.  Appellant alleges that Appellees attempted to deceive AT&T as to the nature and avoidability of the transfer through statements made by Mr. Cabri in declarations submitted in February and May of 2005.  ER 118-122.  However, by that point, suit based on late discovery of the transfer was already time-barred.  The Complaint acknowledges on its face that JMC had notified AT&T in an email on December 17, 2003 that the funds in question were transferred into the "personal account of the wife of Jean Marie Cabri." ER118.  Therefore, AT&T had notice on December 17, 2003 that the alleged fraudulent transfer had occurred.[1]  The one-

---

[1] Appellant argues that the fact that AT&T did not know the transfer was *avoidable* somehow means that discovery had not occurred and the statute had not begun to run, but he provides no support for this assertion.  Opening Brief at 15-16.  Moreover, the statute of limitations does not refer to discovery of the avoidability of the transfer, but instead sets a period of "one year after the transfer or obligation was or could reasonably have been discovered by the claimant." Cal. Civ. Code § 3439.09(a).  AT&T had been informed about the transfer to Ms. Cabri at least by December 17, 2003.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7932 AHM<br>Bk. Case No. 2:07-bk-15900-RN<br>Adv. Case No. 2:08-ap-01012-RN | Date | October 5, 2009 |
|---|---|---|---|
| Title | In re JMC TELECOM LLC | | |

year-after-discovery statute of limitations in § 3439.09(a) thereby ran on December 16, 2004. The alleged deceptive statements by Mr. Cabri did not occur until 2005, *after* the suit was time-barred. ER 118-122. Therefore, AT&T could not have relied on these statements to its detriment, since it could no longer have brought suit in any case. Thus, this Court declines to apply equitable estoppel to allow the suit to proceed.

### C. The Third Claim for "Constructive Trust" Must Also Fail

Nor may Appellant's third "claim" for constructive trust proceed. "A constructive trust is not a substantive device but merely a remedy to compel a person not justly entitled to property to transfer it to another who is entitled to it." 3 B.E. Witkin *et al.*, *California Procedure*, ch. IV § 680 (5th ed. 2008). Thus, "an action seeking to establish a constructive trust is subject to the limitation period of the underlying substantive right." *Davies v. Krasna*, 14 Cal. 3d 502, 515-16 (1975). "If that substantive right is barred by the statute of limitations, . . . the remedy necessarily fails." *Id.* at 516. Appellant's "claim" for constructive trust under Cal. Civ. Code § 2224 necessarily fails, then, because the underlying claim for fraudulent transfer is time-barred.

In its third claim, Appellant also attempts to rely on Bankruptcy Code section 542, which states that "an entity" that is "in possession, custody, or control, during the case" of property of the estate "shall deliver to the trustee, and account for, such property or the value of such property . . . ." 11 U.S.C. § 542. However, the Complaint does not allege that Appellees are still in the possession of the money transferred. Indeed, the Complaint on its face alleges that the account into which the money was transferred was closed in 2000. ER 118. Therefore, Appellant cannot proceed on a theory of turnover under Bankruptcy Code section 542.

### V. CONCLUSION

For the foregoing reasons, the Court AFFIRMS the decision of the Bankruptcy

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7932 AHM<br>Bk. Case No. 2:07-bk-15900-RN<br>Adv. Case No. 2:08-ap-01012-RN | Date | October 5, 2009 |
|---|---|---|---|
| Title | In re JMC TELECOM LLC | | |

Court dismissing Appellant's claims.

|  | : |
|---|---|
| Initials of Preparer | SMO |